UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PATRICIA ANN BERRY,

                      Plaintiff,

           -against-

EXPERIAN INFORMATION SOLUTIONS,
INC. and TRANSUNION, LLC,

                Defendants.

24-CV-3143 (JGLC)

**OPINION AND ORDER**

JESSICA G. L. CLARKE, United States District Judge:

On April 24, 2024, Plaintiff, proceeding *pro se*, filed a complaint naming Experian

Information Solutions, Inc. ("Experian"), Equifax Information Services, LLC ("Equifax"), Trans

Union LLC ("Trans Union," together with Experian and Equifax "Reporting Agencies"), Merrick

Bank Corporation ("Merrick"), and Continental Finance Company, LLC ("Continental") as

Defendants. ECF No. 1 ("Compl") at 1. Plaintiff alleges that her credit reports contain inaccurate

information, that the credit companies failed to investigate those inaccuracies, and that she was

harmed as a result. Since the filing of this action, several of the Defendants have been

dismissed.[1] Defendant Trans Union, however, remains. Trans Union now seeks to dismiss

Plaintiff's case, arguing that Plaintiff has failed to plausibly allege any of her legal claims. For

---

[1] On June 7, 2024, Plaintiff filed a Notice of Voluntary Dismissal with Prejudice as to
Defendant Continental. ECF No. 14. The Court terminated Continental as a defendant on June
14, 2024. ECF No. 16. On June 20, 2024, Plaintiff filed a Notice of Voluntary Dismissal as to
Defendant Equifax, ECF No. 19, and Equifax was terminated as a defendant the same day. On
June 24, 2024, Plaintiff and Defendant Merrick filed a stipulation of voluntary dismissal. ECF
No. 18. Merrick was terminated as a defendant on June 26, 2024. ECF No. 20. Defendant
Experian filed a stipulation of voluntary dismissal on January 3, 2025, which is yet to be entered
due to form deficiencies. ECF No. 34.

the reasons stated below, the Court grants Trans Union's motion to dismiss, but grants Plaintiff

leave to amend her complaint.

## BACKGROUND

In December 2023, Plaintiff reviewed her annual credit reports as provided by the

Reporting Agencies and noticed that the reports contained "inaccurate" payment history with

respect to her MERRICK BANK CORP, 412061****** account, and "incomplete" payment

history with respect to her TBOM/CONTFIN, 516648***** account. Compl. ¶¶ 23, 24, 26.

Plaintiff then "made dispute letters requesting thorough reinvestigation of the accounts to ensure

their completeness and accuracy." *Id.* ¶ 25. The dispute letters were mailed and delivered to the

Reporting Agencies, including Trans Union, in January 2024. *Id.* ¶¶ 29, 30. Plaintiff alleges that

she "disputed the inaccurate information with TransUnion by following the established

procedures for disputing consumer credit information[, but d]espite Plaintiff's efforts,

TransUnion never: (1) contacted Plaintiff to follow up on, verify and/or elicit more specific

information about Plaintiff's disputes; (2) requested or obtained any credit applications, or other

relevant documents from the entities furnishing the inaccurate information; and/or (3) performed

any handwriting analysis." *Id.* ¶¶ 43, 44.

Based on the foregoing, Plaintiff alleges that Trans Union violated the Fair Credit

Reporting Act ("FRCA") on six separate grounds falling under Sections 1681e(b) and 1681i.

Compl. at 8-11. Plaintiff claims that Defendant Trans Union's alleged failures have "forced

[Plaintiff] to deal with the aggravation, humiliation, and embarrassment of a lower credit score,

denial of credit, stress, anxiety, headaches, and sleeplessness." Compl. ¶ 47. Defendant Trans

Union argues that Plaintiff's Complaint should be dismissed for three independent reasons: (1)

"Plaintiff's claims do not identify the required inaccurate information to state a claim upon

which relief may be granted"; (2) Plaintiff's allegations "do not specifically identify anything that would mislead a reasonable creditor to misunderstand the reporting"; and (3) "Plaintiff has not established that Trans Union's reporting is inaccurate as threshold issue." ECF No. 27 at 1-2.

## LEGAL STANDARD

The Court sets forth the legal standard governing a motion to dismiss for failure to state a claim.

In reviewing a motion to dismiss under Rule 12(b)(6), the Court must "constru[e] the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Goldstein v. Pataki*, 516 F.3d 50, 56 (2d Cir. 2008) (internal citation omitted). A claim will survive a Rule 12(b)(6) motion only if the plaintiff alleges facts sufficient "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. at 678. If a complaint does not state a plausible claim for relief, it must be dismissed. *Id*. at 679. "Where, as here, a plaintiff is proceeding *pro se,* the Court must construe the pleadings liberally, and "interpret them to raise the strongest arguments that they suggest." *Howard v. Mun. Credit Union*, No. 05-CV-7488 (LAK), 2008 WL 782760, at *6 (S.D.N.Y. Mar. 25, 2008) (internal citation and quotation omitted).

**DISCUSSION**

The Court analyzes the FRCA causes of action as to Defendant TransUnion, concluding that Plaintiff fails to plausibly allege that the disputed information is inaccurate and therefore, Plaintiff fails to state a claim upon which relief can be granted.

The FRCA "regulates credit reporting procedures to ensure the confidentiality, accuracy, relevancy, and proper utilization of consumers' information." *Longman v. Wachovia Bank, N.A.*, 702 F.3d 148, 150 (2d Cir. 2012) (citing 15 U.S.C. § 1681(b)). "In actions under Section 1681e or Section 1681i, the threshold question is whether the disputed credit information is inaccurate." *Viverette v. Experian*, No. 21-CV-6989 (LTS), 2022 WL 357274, at *3 (S.D.N.Y. Feb. 7, 2022) (quoting *Phipps v. Experian*, No. 20-CV-3368 (LLS), 2020 WL 3268488, *3 (S.D.N.Y. June 15, 2020)). "A plaintiff must therefore identify the specific information on [her] credit report that is inaccurate and explain why the identified information is inaccurate." *Id.* If a plaintiff  is able to identify the alleged inaccuracy, "a plaintiff must show that: (1) the consumer reporting agency was negligent or willful in that it failed to follow reasonable procedures to assure the accuracy of its credit report; (2) the consumer reporting agency reported inaccurate information about the plaintiff; (3) the plaintiff was injured; and (4) the consumer reporting agency's negligence proximately caused the plaintiff's injury." *Gestetner v. Equifax Info. Servs. LLC*, No. 18-CV-5665 (JFK), 2019 WL 1172283, at *2 (S.D.N.Y. Mar. 13, 2019) (*citing Adams v. Nat'l Eng'g Serv. Corp.*, 620 F. Supp. 2d 319, 330 (D. Conn. 2009)).

Here, Plaintiff asserts that "Plaintiff's Complaint provides detailed factual allegations regarding the inaccurate information reported by TransUnion." ECF No. 33 at 3. Plaintiff's Complaint alleges that the payment history is inaccurate on her MERRICK BANK CORP, 412061****** account and that the payment history is incomplete on her TBOM/CONTFIN,

516648\*\*\*\*\* account. Compl. ¶ 26. She also alleges that "several fields were missing account level information" including "fail[ure] to report the Actual Payment amount and Date of Last Activity." Compl. ¶¶ 35, 36. Plaintiff does not, however, "specify how the information *should have been* factually reported." *Desmarattes v. Equifax*, No. 22-CV-333 (KAM) (TAM), 2023 WL 8473362, at \*8 (E.D.N.Y. Dec. 7, 2023) (emphasis in original). Furthermore, nowhere in her Complaint does Plaintiff specify what the payment history errors were with respect to her TBOM/CONTFIN 516648\*\*\*\*\* account, nor how they were inaccurate. *See generally* Compl. ¶¶ 23-49.

Plaintiff thus fails to plausibly allege inaccuracy as necessary to state claim under the FRCA. *See Rogers v. Trans Union LLC,* No. 23-CV-536 (RPK) (TAM), 2024 WL 5120013, at \*2 (E.D.N.Y. Dec. 16, 2024) (finding failure to specify inaccuracy where the complaint alleges only that two Capital One accounts contained billing errors); *Swainson v. Lendingclub Corp.*, No. 21-CV-5379 (GHW) (SLC), 2022 WL 2704629, at \*9 (S.D.N.Y. June 24, 2022), *report and recommendation adopted*, No. 21-CV-5379 (GHW), 2022 WL 2704486 (S.D.N.Y. July 12, 2022) (holding that Plaintiff failed to plead an essential element of a claim under Sections 1681e(b) or 1681i by failing to demonstrate "why any information on his TransUnion credit report is incorrect"); *Gestetner v. Equifax Info. Servs. LLC,* No. 18-CV-5665 (JFK), 2019 WL 1172283, at \*1–2 (S.D.N.Y. Mar. 13, 2019) (dismissing complaint alleging that credit report "showed erroneous and inaccurate information" without an explanation why the information was inaccurate, for failure to state claim under Sections 1681i and 1681e(b)).

"Because Plaintiff's [Complaint] fails to adequately allege sufficient facts to sustain a claim based on any inaccuracy, 'no further inquiry into the reasonableness of the consumer

reporting agency's procedure is necessary.'" *Desmarattes*, 2023 WL 8473362, at *9 (quoting *Artemov v. TransUnion, LLC*, 2020 WL 5211068, at *2 (E.D.N.Y. Sept. 1, 2020)).

"[L]eave to amend should be freely given, and a pro se litigant in particular should be afforded every reasonable opportunity to demonstrate that [she] has a valid claim." *Walker v. Kosann,* No. 23-CV-04409 (JPC) (JW), 2024 WL 922642, at *8 (S.D.N.Y. Feb. 16, 2024), *report and recommendation adopted*, No. 23-CV-4409 (JPC) (JW), 2024 WL 923314 (S.D.N.Y. Mar. 4, 2024). The Second Circuit interprets Rule 15 of the Federal Rules of Civil Procedure liberally "consistent with [its] strong preference for resolving disputes on the merits." *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 190 (2d Cir. 2015) (internal quotation marks and citation omitted); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962) ("If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, [she] ought to be afforded an opportunity to test his claim on the merits.").

Here, Plaintiff was not previously provided notice of the deficiencies in her Complaint, and she has not been given an opportunity to correct these deficiencies. Plaintiff may be able to allege additional facts that are sufficient to state a claim under the FRCA. Specifically, Plaintiff may be able to allege with specificity the inaccuracies in her credit report. Accordingly, the Court grants Plaintiff leave to amend the Complaint and ORDERS that Plaintiff file an amended complaint by **March 1, 2025**. If Plaintiff fails to amend the Complaint by March 1, 2025, the action will be dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss is GRANTED. Plaintiff is hereby ORDERED to file an amended complaint by March 1, 2025. If Plaintiff fails to do so, the

action will be dismissed with prejudice. The Clerk of Court is respectfully directed to terminate

ECF No. 26.

Dated:  January 22, 2025
      New York, New York

SO ORDERED.

JESSICA G. L. CLARKE
United States District Judge